# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4071
_____

BEN LAMONT DENSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Madison County.
Andrew J. Decker, III, Judge.

January 10, 2019

PER CURIAM.

Ben Lamont Denson's motion for postconviction relief was denied as untimely. Denson then sought relief under rule 3.850(b)(3), which excuses late filings if "the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion." The trial court rejected Denson's claim, concluding the rule's exception was inapplicable. Denson now appeals.

The issue below was whether Denson had, in fact, "retained counsel to timely file a 3.850 motion." He had retained Luke Newman as counsel, but there was a factual dispute about the scope of the representation. Denson testified that his counsel agreed to file a 3.850 motion. His counsel testified that he agreed

to explore potential 3.850 claims but never agreed to—and was never paid to—actually file the motion. Instead, counsel testified, he notified Denson that he was closing the file with no further action.

Faced with competing versions of events, the trial court found counsel's testimony credible and concluded that counsel was not retained to file a motion. We review that finding only to determine if it was supported by competent, substantial evidence, *see Porter v. State*, 788 So. 2d 917, 923 (Fla. 2001), and it was. Accordingly, rule 3.850(b)(3) does not apply, and Denson's motion was properly denied.

AFFIRMED.

B.L. THOMAS, C.J., and RAY and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ben Lamont Denson, pro se, Appellant.

Ashley Brooke Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.

2